UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

```
ISAAC SEFA,                      )
                                 )
                                 )  Civil Action No. 5:12-32-JMH
     Plaintiff,                  )
                                 )
v.                               )
                                 )
                                 )  MEMORANDUM OPINION AND ORDER
COMMONWEALTH OF KENTUCKY,        )
CABINET FOR HEALTH AND           )
HUMAN SERVICES,                  )
                                 )
     Defendant.                  )
```

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment [Record No. 5], Plaintiff's Motion for Summary Declaratory Judgment [Record No. 7], as well as Plaintiff's "Dispositive Motion" [Record No. 13]. Defendant filed a Response [Record No. 9] to Plaintiff's Motion for Summary Declaratory Judgment, and Plaintiff filed a Reply [Record No. 17] regarding the same Motion. The time for further responses on these motions having passed, these matters are now ripe for the Court's review.

As the Court understands the Plaintiff's Complaint and the Defendant's summary of facts, Plaintiff alleges that the Cabinet for Health and Human Services ("Cabinet") "kidnapped" his niece and nephew in connection with state court actions for neglect against

1

Plaintiff's sister, Naomi Kandu, the mother of Plaintiff's nephew, as well as Plaintiff's sister Ruth Pokua, the mother of Plaintiff's niece. Both children are now wards of the state, and the Cabinet has moved to terminate parental rights so the children may be adopted.[1] While the majority of Plaintiff's complaints center around the Cabinet's procedure for taking custody and requesting the termination of parental rights for Plaintiff's niece and nephew, the relief requested of this Court would require this Court to review the state court's decisions relating to the custody and parental rights of Naomi Kandu and Ruth Pokua. Plaintiff alleges that the Cabinet (1) kidnapped the children by taking them from school; (2) impermissibly interfered with Plaintiff's rights by asking for medical releases and requiring him to comply with the Cabinet's policies and procedures, such as attending a family planning meeting; (3) that an agent from the Cabinet unlawfully entered his home; (4) that the Cabinet wrongfully sent the plaintiff's family to state court on the wrong date; (5) that the Cabinet used "political power to separate and scatter the Plaintiff and his family"; and (6) that the Cabinet set up networks of third parties, using mind-blinding spirits, to threaten, intimidate and launch spiritual attacks against Plaintiff's family.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests

---

[1] It is unclear from the materials before this Court whether the state court proceedings are final.

2

the sufficiency of a plaintiff's complaint.  The Court views the complaint in the light most favorable to the plaintiff and "[f]actual allegations must be enough to raise a right to relief above the speculative level... on the assumption that all the allegations in the complaint are true." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  "Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010)(citing *Winget v. JP Morgan Chase Bank, N.A.,* 537 F.3d 565, 576 (6th Cir. 2008)).

    The Court accepts Plaintiff's averments as true for the purposes of evaluating Defendant's Motion to Dismiss.  "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).  If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed. *Twombly*, 550 U.S. at 570; *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541-42 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc.*, 2007 WL 2903231, *2 (E.D. Ky. Sept. 27, 2007).  The factual allegations in the complaint need

3

to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, i.e., more than merely possible. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949-50 (2009).

First, the Court notes that Plaintiff failed to properly serve the Defendant, who is making a special appearance in the case to challenge jurisdiction, sufficiency of process, and to argue that Plaintiff fails to state a claim. Plaintiff sent a copy of the complaint and summons to the Cabinet for Health and Family Services location in Lexington, Kentucky. The certified mail was received by a local worker who was not a proper agent of the Cabinet. While that alone would be sufficient grounds to dismiss the lawsuit, *See* Fed. R. Civ. P. 12 (b)(5); *Ross v. Voncannon*, 2010 WL 2103440, *8 (E.D.Tenn. May 21, 2010), the Court relies on the following substantive grounds for dismissal of the Plaintiff's claims.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotations omitted). Reading Plaintiff's Complaint liberally, he claims that the Cabinet violated his right to due process, First Amendment "right to privacy of belief," his Fourth Amendment rights to "privacy of person and possession," Fourteenth Amendment right

4

to be free of search and seizure and right of his family to the "enjoyment of life, liberty, property, and protection" in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983. The Court need not reach whether the Plaintiff articulates facts demonstrating valid constitutional violations in his Complaint because the Cabinet is immune from monetary claims brought under 42 U.S.C. § 1981 and § 1983 based on the Eleventh Amendment and, therefore, these claims shall be dismissed. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 570-71 (6th Cir. 2000) (citing *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999) (recognizing that claim against a state under § 1981 are barred by the Eleventh Amendment); *Quern v. Jordan*, 440 U.S. 332, 350 (1979) (holding that claims brought against a state under § 1983 are barred by the Eleventh Amendment)).

Plaintiff also asks for injunctive relief pursuant to § 1983. Specifically, he asks that this Court enter an order directing the "release" of the minor children based on the alleged constitutional violations. Plaintiff's request for the minor children's release would require this Court to review and overturn decisions regarding custody and parental rights made by the state court. "Under the principles of comity and deference to state expertise in the field of domestic relations, it has been [the Sixth Circuit's] consistent policy to refuse to exercise jurisdiction over claims which seek to collaterally attack a state court judgment terminating parental rights." *See Stephens v. Hayes*, 374 F.App'x 620, 623 (6th Cir.

5

2010) (unpublished opinion) (declining to exercise jurisdiction over claims "where the tort action is a mere pretense and the suit is actually concerned with child custody issues"). Additionally, as Plaintiff does not appear to have ever had any custodial, guardianship or parental rights with respect to either his niece or nephew, Plaintiff lacks standing to request an order for their "release" on their behalf. See *Stephens*, 374 F.App'x at 622 (noting that after parental rights have been terminated, parents may not bring claims on behalf of their children). Moreover, assuming that Plaintiff has standing, two abstention doctrines would act to prevent this Court's consideration of the state court's decision. To the extent the state court proceedings are final, the *Rooker-Feldman* abstention doctrine prohibits an appeal from a state court decision and, to the extent the proceedings are not yet final, *Younger* abstention prevents this Court "from ruling because the proceeding implicates important state interests" and the parties to the state court proceeding have an adequate opportunity to raise their concerns in that setting. See *Bodell v. McDonald*, 4 F.App'x 276, 278 (6th Cir. 2001) (unpublished opinion) (dismissing plaintiff's request for injunctive and declaratory relief regarding state court termination and adoption proceedings).

Moreover, to the extent that Plaintiff articulates claims on behalf of the mothers of the minor children, those claims must also fail because Plaintiff lacks standing to sue on their behalf.

6

Generally, Plaintiff may not rest a claim for relief on the legal rights or interests of third parties.  See *Powers v. Ohio,* 499 U.S. 400, 410-11 (1991); *Idemudia v. Consolidated Rail Corp.,* 36 F.App'x 558 (6th Cir. 2002).  Further, only licensed attorneys may practice law on behalf of others.  *Coleman Advertising, Inc. v. Visionmedia*, 2003 WL 345368 at *2 (6th Cir. Jan. 31, 2003) (*citing Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-86 (11th Cir. 1985); *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984)).  As noted above, to the extent that the parties to the state court action wish to challenge the state court's decisions, they have methods of appeal available in state court proceedings and should proceed on their own behalf.

Plaintiff also requests that this Court enter a declaratory judgment, but fails to identify the specific relief he requests in this respect.  Nonetheless, the factors delineated in *Grand Trunk*, specifically,

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective,

all weigh against the Court exercising its jurisdiction to entertain a declaratory judgment action.  *Grand Trunk Western*

7

*Railroad Co. v. Consolidated Rail Corp.,* 746 F.2d 323, 326 (6th Cir. 1984). Any declaratory relief in this Court would not settle Plaintiff's alleged controversy, or clarify any legal relations at issue. As described above, Plaintiff has no standing to contest the custody and parental rights state court action here, thus there is no controversy to be settled in this respect. Moreover, any interference by this Court in the child custody arena would unnecessarily encroach on state court and the res judicata effect of the state cout's decisions. To the extent that Plaintiff contends he was harmed by the Cabinet's actions, it is unclear what, if any, relief a declaratory judgment would provide.

Plaintiff also argues that this Court should issue an injunction for the Defendant to halt all spiritual attacks and/or stop the conspiracy to use "mind blinding spirits against the Plaintiff's family." The allegation that the Cabinet is coordinating attacks with third parties against the Plaintiff by using mind blinding evil spirits is wholly implausible, unsubstantiated, and devoid of merit. *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *Dekovan v. Bell*, 22 F.App'x 496 (6th Cir. 2001)(unpublished opinion); *Belle v. F.B.I.*, 46 F.App'x 326 (6th Cir. 2002) (unpublished opinion). Thus, Plaintiff's request that this Court to issue an order against the use of mind blinding spirits is denied as frivolous.

Plaintiff also attempts to articulate claims under several

8

other statutes in his Complaint, which also fail.  Plaintiff does not have standing to pursue a private right of action under any of the federal criminal statutes on which he bases claims for relief in the Complaint, specifically 18 U.S.C 1203(a) ("Federal Hostage Taking Act"), and 18 U.S.C. §§ 241, 242, which govern the criminal offenses of conspiring against civil rights and deprivation of rights under color of law.  *See U.S. v. Oguaji,* 76 F.App'x 579, 581 (6th Cir. 2003) (noting that there is no private right of action under 18 U.S.C. §§ 241, 242).  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). This Court does not have the authority to initiate or direct another party to initiate a criminal action as Plaintiff requests. "[A]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors."  *Mercer v. Lexington Fayette Urban Co. Gov't,* 52 F.3d 325 at *1 (6th Cir. 1995) (unpublished table opinion). Because Plaintiff lacks standing, these claims will be dismissed.

Similarly, the plaintiff purports to make a claim under 15 U.S.C. § 57b, which applies to civil actions by the Federal Trade Commission for violations of rules and cease and desist orders respecting unfair or deceptive acts or practices.  As he also lacks standing to initiate this type of action, this claim shall also be dismissed.

9

Accordingly, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

(1) the Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment [Record No. 5] is **GRANTED;** and

(2) Plaintiff's Motion for Summary Declaratory Judgment [Record No. 7], as well as Plaintiff's "Dispositive Motion" [Record No. 13] are **DENIED**.

On this the 5th day of April, 2012.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge